**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
(Houston Division)**

PHILIP E. ASHCRAFT and
CHRISTOPHER D. GANDARA,
individually and on behalf of others
similarly situated,

    Plaintiffs,

    v.                                    Civil Action No. _____

CORE LABORATORIES LP d/b/a
PROTECHNICS, and CORE
LABORATORIES LLC,

    Defendants.

## COMPLAINT

NOW COME Plaintiffs Philip E. Ashcraft and Christopher D. Gandara, by and through their undersigned counsel, and file this Complaint against Defendant Core Laboratories LP d/b/a ProTechnics, and Core Laboratories LLC making claims to recover unpaid overtime wages under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., individually and on behalf of others similarly situated as provided in 29 U.S.C § 216(b), stating as follows:

## PARTIES

1. Plaintiff Philip E. Ashcraft ("Plaintiff Ashcraft") is an individual residing in Parkersburg, Wood County, West Virginia.

2. Plaintiff Christopher D. Gandara ("Plaintiff Gandara") is an individual residing in Marietta, Washington County, Ohio.

3. Defendant Core Laboratories LP d/b/a ProTechnics ("Defendant ProTechnics") is a for-profit limited partnership, organized pursuant to the laws of the State of Delaware, and authorized to do business in the State of West Virginia.

4. Defendant ProTechnics has a principal office located at 6316 Windfern Road, Houston, Texas 77040, and has places of business located at 1701 St. Mary Pike, Parkersburg, West Virginia 26104, and 150 W. Airport Industrial Park Road, Lot # 27, Parkersburg, West Virginia 26104.

5. Defendant ProTechnics provides laboratory analytics services to the petroleum industry including crude oil essays, liquid and ion-chromatography, mercury and arsenic trace analysis, and ultralow sulphur and nitrogen detection, and does business in at least 10 states throughout the United States.

6. Defendant Core Laboratories LLC ("Defendant Core Labs") is a for-profit limited liability company organized pursuant to the laws of the State of Delaware, and which is not authorized to do business in the State of West Virginia.

7. Defendant Core Labs has a principal place of business located at 6316 Windfern Road, Houston, Texas 77040.

8. Defendant Core Labs is the General Partner of Defendant ProTechnics and directs and/or controls the employment policies of Defendant ProTechnics and the terms and conditions of employment of ProTechnics employees, including policies, practices, and decisions regarding the payment of wages to ProTechnics employees.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Plaintiffs' claims under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA") pursuant to 28 U.S.C. § 1331 because this claim arises under the laws of the United States.

10. At all relevant times, Plaintiffs, and similarly situated employees, were employees of Defendants at Defendants' facilities located at 1701 St. Mary Pike, Parkersburg, West Virginia 26104, and/or 150 W. Airport Industrial Park Road, Lot # 27, Parkersburg, West Virginia 26104.

11. At all relevant times the wages of Plaintiffs, and similarly situated employees, were paid from Defendants' headquarters in Houston Texas, and the determinations and policies regarding the payments were developed in Houston, Texas.

12. Venue is appropriate in the U.S. District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

## FACTS

### (Plaintiff Ashcraft)

13. Plaintiff Ashcraft was hired by Defendants ProTechnics and Core Labs on or about December 6, 2010 as a Field Service Representative.

14. Upon being hired by Defendants ProTechnics and Core Labs, Plaintiff Ashcraft was classified as, and paid as, an "exempt" employee under the FLSA who was not entitled to overtime wages. Plaintiff Ashcraft was, consequently, not paid overtime wages.

15. Plaintiff Ashcraft remained a Field Service Representative throughout his employment by Defendants.

16. In or about October 2014, Plaintiff Ashcraft made a complaint regarding his wages to the U.S. Department of Labor, Wage and Hour Division ("DOL").

17. The DOL conducted an investigation and in the course of the investigation, placed Defendants on notice of their failure to lawfully pay Plaintiff Ashcraft, and similarly situated employees, overtime wages to which they were entitled.

18. Due to the DOL investigation, on or about November 8, 2014, Defendants reclassified Plaintiff Ashcraft, Plaintiff Gandara, and similarly situated employees as "non-exempt" under the FLSA and began paying Plaintiff Ashcraft, Plaintiff Gandara, and similarly situated employees in accordance with the provisions of the FLSA, i.e. Defendants began paying Plaintiff Ashcraft, Plaintiff Gandara, and similarly situated employees overtime wages to which they were entitled.

19. Upon being reclassified as a "non-exempt" employee, Plaintiff Ashcraft was paid an hourly wage of $21.00.

20. Upon Defendants' reclassification of Plaintiff Ashcraft, Plaintiff Gandara, and similarly situated employees as "non-exempt" under the FLSA, Defendants began paying Plaintiff Ashcraft, Plaintiff Gandara, and similarly situated employees "day rate pay" in addition to their regular hourly wages and overtime wages.

21. The "day rate pay" was a predetermined amount of money paid to Plaintiff Ashcraft, Plaintiff Gandara, and similarly situated employees, for each day on which they worked on a job "in the field", i.e. a job at a well site of Defendants' customers.

22. During Plaintiff Ashcraft's employment by Defendants as a "non-exempt" employee, Plaintiff Ashcraft worked in the field, for which he was paid "day rate pay", between 2 to 6 days per week.

23. During the relevant time period, the amount of the "day rate pay" varied from between $50.00 to $100.00.

24. The "day rate pay" was not included in Defendants' calculation of the "regular rate" of pay of Plaintiff Ashcraft, Plaintiff Gandara, and similarly situated employees, and consequently, was not included in Defendants' calculation of the "overtime rate" of Plaintiff Ashcraft, Plaintiff Gandara, and similarly situated employees.

### (Plaintiff Gandara)

25. Plaintiff Gandara was hired by Defendants ProTechnics and Core Labs on or about July 18, 2012 as a Field Service Representative.

26. Upon being hired by Defendants ProTechnics and Core Labs, Plaintiff Gandara was classified as, and paid as, an "exempt" employee under the FLSA who was not entitled to overtime wages. Plaintiff Gandara was, consequently, not paid overtime wages.

27. Plaintiff Gandara remained a Field Service Representative throughout his employment by Defendants.

28. Due to the DOL investigation prompted by Plaintiff Ashcraft's complaints, on or about November 8, 2014, Defendants reclassified Plaintiff Gandara, Plaintiff Ashcraft, and similarly situated employees as "non-exempt" under the FLSA and began paying Plaintiff Gandara, Plaintiff Ashcraft, and similarly situated employees, in accordance with the provisions of the FLSA, i.e. Defendants began paying Plaintiff

Gandara, Plaintiff Ashcraft, and similarly situated employees, overtime wages to which they were entitled.

29. Upon being reclassified as a "non-exempt" employee, Plaintiff Gandara was paid an hourly wage of $22.38.

30. Upon Defendants' reclassification of Plaintiff Gandara, Plaintiff Ashcraft, and similarly situated employees, as "non-exempt" under the FLSA, Defendants began paying Plaintiff Ashcraft, Plaintiff Gandara, and similarly situated employees "day rate pay" in addition to their regular hourly wages and overtime wages.

31. The "day rate pay" was a predetermined amount of money paid to Plaintiff Gandara, Plaintiff Ashcraft, and similarly situated employees, for each day on which they worked on a job "in the field", i.e. a job at a well site of Defendants' customers.

32. During Plaintiff Gandara's employment by Defendants as a "non-exempt" employee, Plaintiff Gandara worked in the field, for which he was paid "day rate pay", between 2 to 6 days per week.

33. During the relevant time period, the amount of the "day rate pay" varied from between $50.00 to $100.00.

34. The "day rate pay" was not included in Defendants' calculation of the "regular rate" of pay of Plaintiff Gandara, Plaintiff Ashcraft, and similarly situated employees, and consequently, was not included in Defendants' calculation of the "overtime rate" of Plaintiff Gandara, Plaintiff Ashcraft, and similarly situated employees.

**(Similarly Situated Employees)**

35. From on or about November 8, 2014, until the present, Defendants have employed approximately 24 employees similarly situated to Plaintiffs Ashcraft and Gandara.

36. The similarly situated employees have had duties similar to the duties of Plaintiffs Ashcraft and Gandara, have worked under similar conditions and similar work schedules as Plaintiffs Ashcraft and Gandara, have been non-exempt employees entitled to overtime wages similar to Plaintiffs Ashcraft and Gadara, and have been paid "day rate pay" in a manner similar to Plaintiffs Ashcraft and Gandara.

37. Like Plaintiffs Ashcraft and Gandara, the "day rate pay" of the similarly situated employees has not been included in the calculation of the similarly situated employees' "regular rate" of pay and "overtime rate."

**COUNT ONE: CLAIM FOR UNPAID OVERTIME WAGES UNDER THE FAIR LABOR STANDARDS ACT**

38. Plaintiffs incorporate by reference Paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. Each Defendant is an "employer" as defined in the Fair Labor Standards Act of 1938 ("FLSA") at 28 U.S.C. § 203.

40. Defendants ProTechnics and Core Labs are each an "enterprise engaged in commerce" as defined in the FLSA at 28 U.S.C. § 203.

41. Defendants were required to pay Plaintiff Ashcraft, Plaintiff Gandara, and all similarly situated employees, overtime wages at a rate of one and one-half times Plaintiffs' and the similarly situated employees' regular rates for all hours worked in excess of 40 hours in a work week pursuant to the FLSA, 28 U.S.C. § 207.

42. The FLSA provides that the "regular rate" must include "all remuneration for employment paid to, or on behalf of, the employee" except specifically excluded payments. None of the specifically excluded payments pertain to the "day rate pay."

43. The "day rate pay" was remuneration to Plaintiff Ashcraft, Plaintiff Gandara, and all similarly situated employees which should have been included in the calculation of the employees' "regular rate" and consequently, the calculation of the employees' "overtime rate."

44. Defendants failed to include the "day rate pay" in the calculation of the "regular rate" and "overtime rate" of Plaintiff Ashcraft, Plaintiff Gandara, and all similarly situated employees.

45. Because Defendants failed to pay include the "day rate pay" in the calculation of the "regular rate" and "overtime rate", Defendants failed to pay Plaintiff Ashcraft, Plaintiff Gandara, and all similarly situated employees all overtime wages due and owing to Plaintiffs and the similarly situated employees in violation of the FLSA, 28 U.S.C. § 207.

46. Defendants' violation of the FLSA by failing to pay all overtime wages to which Plaintiff Ashcraft, Plaintiff Gandara, and all similarly situated employees were entitled was willful. Defendants' willful violation of the FLSA is evidenced by the reclassification of Plaintiff Ashcraft, Plaintiff Gandara, and all similarly situated employees on or about November 8, 2014 after Defendants received notice of the DOL investigation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of similarly situated employees, pray for the following relief:

(a) That this Court certify this action as an FLSA collective action and certify a class of employees similarly situated to Plaintiffs Ashcraft and Gandara;

(b) That Plaintiffs Ashcraft and Gandara be designated as the collective class representatives;

(c) That they and the certified class may have a trial by jury;

(d) That they and the certified class be awarded all damages provided by law, including but not limited to, unpaid overtime wages;

(e) That they and the certified class be awarded liquidated damages as provided by the FLSA;

(f) That they and the certified class be awarded attorneys' fees and costs; and

(g) That they and the certified class be awarded such other relief as this Court may deem as just and equitable.

PHILIP E. ASHCRAFT and
CHRISTOPHER D. GANDARA,

By Counsel

_____s/ *Mark Goldner*_____
Mark Goldner, Esq. (WV State Bar No. 11286)
Maria W. Hughes, Esq. (WV State Bar No. 7298)
HUGHES & GOLDNER, PLLC
10 Hale Street, Fifth Floor
Charleston, WV 25301
TEL: (304) 400-4816
FAX: (304) 205-7729
mark@wvemploymentrights.com
maria@wvemploymentrights.com